JAMES R. SMITH and THELMA J. SMITH, Petitioners, v. COMMISSIOONER OF INTERNAL REVENUE, Respondent
SMITH v. COMMISSIOONER OF INTERNAL REVENUE
No. 15262-89
United States Tax Court
1990 U.S. Tax Ct. LEXIS 118; November 26, 1990, Entered *118 Paul J. Sude, Assitant District Counsel, Tax Court Bar. No. SP0249, Philadelphia, PA.
COHEN, Chief Judge COHEN
DECISION
Pursuant to the agreement of the parties in this case, it is
ORDERED and DECIDED: That there are deficiencies in income tax due from the petitioners for the taxable years 1983 and 1984 in the amounts of $ 5,810.00 and $ 12,312.00, respectively;
That there is an addition to the tax due from the petitioners for the taxable year 1983, under the provisions of I.R.C. § 6651(a)(1), in the amount of $ 1,183.00, which such amount has been previously assessed; That there is an addition to the tax due from the petitioners for the taxable year 1984, under the provisions of I.R.C. § 6651(a)(1), in the amount of $ 3,078.00; That there are additions to the tax due from the petitioners fro the taxable years 1983 and 1984, under the provisions of I.R.C. § 6661, in the amounts of $ 1,453.00 and $ 3,078.00, respectively; That there are no additions to the tax due from the petitioners for the taxable years 1983 and 1984, under the provisions of I.R.C. § 6653(a)(1) *119 ; and
That there are no additions to the tax due from the petitioner for the taxable years 1983 and 1984, under the provisions of I.R.C. § 6653(a)(2).
It is stipulated that the Court may enter the foregoing decision.
It is further stipulated that there is a prepayment credit for the taxable year 1983 in the amount of $ 1,077.00 and that the deficiency for the taxable year 1983 is computed without considering the prepayment credit of $ 1,077.00
It is further stipulated that the petitioners' total tax liability of $ 20,244.00 for the taxable year 1984, $ 7,932.00 has been assessed and $ 620.00 of that amount remains unpaid.
It is further stipulated that, effective upon the entry of this decision by the Court, petitioners waive the restriction contained in I.R.C. § 6213(a) prohibiting assessment and collection of the deficiencies in income tax and unpaid prior assessment and the additions to the tax (plus statutory interest) until the decision of the Tax Court has become final.
ABRAHAM N. M. SHASHY, JR.
Chief Counsel
Internal Revenue